# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

_____

TODD M. JOHNSON

       Plaintiff

v.

UNITED STATES OF AMERICA

       Defendant.

_____

# COMPLAINT

_____

Plaintiff, Todd M. Johnson, by and through his attorneys, LAMPERT & WALSH, LLC., file this Complaint against Defendant and allege the following:

## C.R.S. § 13-20-602(3)(a) CERTIFICATION

1. Counsel has consulted with medical professionals with expertise in the areas of the alleged negligent conduct as set forth in this Complaint.

2. The medical professionals who have been consulted have reviewed all known facts , including such records, documents, and other relevant materials, relevant to the allegations of negligent conduct as set forth in this Complaint.

3. Based upon the review of such facts, the medical professionals have concluded that the filing of the following claims against Defendant does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4).

4. The medical professional(s) who have reviewed all known facts relevant to the allegations of negligent conduct as contained in this Complaint can demonstrate by competent evidence, that, as a result of training, knowledge and experience that he/she is competent to express opinions as to the medical conduct alleged in this complaint and meet the requirements set forth in C.R.S. § 13-64-401.

## JURISDICTIONAL ALLEGATIONS

5. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* and Section 224 of the Public Health Service Act, as amended by the Federally Supported Health Centers Act of 1992 and 1995. As set forth below, all conditions precedent to maintaining this cause of action have occurred.

6. Plaintiff Todd M. Johnson is a citizen and resident of the State of Colorado.

7. At all relevant times, Gene E. Bolles, M.D. ("Dr. Bolles") was, and is, a physician licensed to practice medicine in the State of Colorado acting as a deemed employee of Defendant pursuant to 42 U.S.C. § 233(g).

8. At all relevant times, Lars Widdel, M.D. ("Dr. Widdel") was, and is, a physician licensed to practice medicine in the State of Colorado acting as a deemed employee of Defendant pursuant to 42 U.S.C. § 233(g).

9. At all relevant times, Thomas Whitehill, M.D. ("Dr. Whitehill") was, and is, a physician licensed to practice medicine in the State of Colorado acting as a deemed employee of Defendant pursuant to 42 U.S.C. § 233(g).

10. At all relevant times, Kerry Brega, M.D. ("Dr. Brega") was, and is, a physician licensed to practice medicine in the State of Colorado acting as a deemed employee of Defendant pursuant to 42 U.S.C. § 233(g).

11. At all relevant times, Jacinto Manon, M.D. ("Dr. Manon") was, and is, a physician licensed to practice medicine in the State of Colorado acting as a deemed employee of Defendant pursuant to 42 U.S.C. § 233(g).

12. The acts or omissions giving rise to this action occurred in the State of Colorado.

13. Jurisdiction and venue properly lie with this Court under 28 U.S.C. §1346(b) and 28 U.S.C. § 1402(b), respectively.

14. At all relevant times, Dr. Bolles, Dr. Widdel, Dr. Whitehill, Dr. Brega and Dr. Manon were agents and employees of Defendant serving as attending physicians and residents at the Veteran's Hospital Medical Center at 1055 Clermont Street, Denver, CO 80222, and Defendant is vicariously liable and / or liable under the doctrine of *respondeat superior* for the actions and omissions of said doctors.

15. At all times pertinent hereto, Plaintiff was qualified and did receive surgical treatments at that facility by the above named physicians from October 11, 2007 to dates subsequent to January 14, 2008.

16. Proper notice was provided to the Denver Veterans Medical Center in a timely manner using standard form 95 on December 2, 2009. Plaintiffs' Form 95 and the attachments thereto included a sum certain, amount of damages sought and detailed information allowing Defendant to investigate the merits of Plaintiffs' claims. Specific details of Plaintiff's claim and damages are more fully set forth in Plaintiff's form 95 which is fully incorporated herein by reference.

17. Denial of that claim occurred on May 12, 2011 by letter from the Department of Veteran's Affairs.

18. The present action has been timely filed in accordance with 28 U.S.C. § 2679(d)(5).

## FACTUAL ALLEGATIONS

19. Plaintiffs incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

20. Upon information and belief, at all relevant times, Dr. Bolles, Dr. Brega and Dr. Whitehill, were attending physicians at the Denver VA Medical Center, were licensed to practice medicine in the State of Colorado, and held themselves out to the public as competent in the field of orthopedic medicine.

21. Upon information and belief, at all relevant times, Dr. Widdel and Dr. Manon were resident physicians licensed to practice medicine in the State of Colorado, serving an orthopedic residency at the Denver VA Hospital and holding themselves out to the public as competent in the field of orthopedic medicine.

22. On or about October 11, 2007, Plaintiff Todd M. Johnson was admitted to the Denver VA Medical Center where Dr. Brega assisted by Dr. Widdel performed an anterior cervical discectomy and fusion on Plaintiff.

23. Subsequently, on December 3, 2007, Dr. Bolles scheduled and performed a second surgical procedure at the Denver VA Medical Center on Plaintiff which included a two-level decompression laminectomy at L3-4 and L4-5; a bilateral foraminotomy; and partial facetetomy.

24. Upon information and belief at the time of that December 3, 2007 surgery a dural tear occurred allowing spinal cord fluid to leak out of the spinal column. The tear and subsequent leak went undetected at the time of surgery.

25. Subsequent to the December 3, 2007 surgery, Plaintiff complained of severe pain; demonstrated leaking fluid in and around the surgical site; and was seen repeatedly by nurses, physician assistants and other employees of the VA Medical Center who recorded this history in Plaintiff's chart and reported the conditions to Plaintiff's treating physicians.

26. Subsequent to radiology testing performed on January 4, 2008 and a visit by Plaintiff to the VA's neuro-surgical clinic, a diagnosis of a "pseudo-meningocele with dural tear" was made on January 11, 2008.

27. Surgery to repair that spinal cord leak was scheduled but did not occur until January 14, 2008 when it was performed by Dr. Brega and assisted by Dr. Adetola.

28. All at times pertinent hereto but from at least the time period, from December 3, 2007 to January 14, 2008, a physician-patient relationship was established

between Plaintiff and Drs. Brega, Bolles, Whitehill, Widdel and Manon. The scope of this care included, but was not limited to, the surgeries performed, the post-op care, the in hospital stay and all subsequent post-surgery recovery, diagnosis and care.

29. Since his discharge from the Denver Veteran Medical Center in 2008 until the present time, Plaintiff Todd M. Johnson has continued to experience severe neurological complications, numbness, chronic pain, and disability in his lower extremities.

30. As a direct and proximate consequence of the alleged negligence and carelessness as alleged herein, which constituted a deviation from the usual and customary standard of medical care for orthopedic surgeons, nursing staff, other health care providers, and other agents and employees of Defendant, Plaintiff Todd M. Johnson has suffered severe and disabling injuries, damages and losses, including, but not limited to, permanent physical and mental disabilities; pain and suffering, both physical and mental, and will continue to endure pain and suffering, both physical and mental; has sustained permanent physical disfigurement; has sustained permanent physical impairment; has sustained, and will continue to sustain, loss of enjoyment of life; has incurred, and will in the future incur, expenses for medical and rehabilitative care and treatment, all to his damage in an amount to be proven at trial.

31. As a direct and proximate consequence of the negligence and carelessness of the agents and employees of Defendant, Plaintiff Todd M. Johnson has suffered injury, damages, and losses, including, but not limited to, loss of time; has incurred and will in

the future incur, expenses for medical and rehabilitative care and treatment; all to his damage in an amount to be proven at trial.

## FIRST CLAIM FOR RELIEF
### (Negligence - Federal Tort Claims Act)

32. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

33. From, at least, December 3, 2009 through January 14, 2002, Plaintiff Todd M. Johnson was cared for, treated, followed, and monitored by agents and employees of Defendant, including, but not limited to, Dr. Brega, Dr. Widdel, Dr. Manon, Dr. Bolles, and Dr. Whitehill.

34. In their care and treatment of Plaintiff Todd M. Johnson, the agents and employees of Defendant, owed a duty to exercise that degree of care, skill, caution, diligence, and foresight exercised and expected of medical professionals in similar situations.

35. Defendant, acting by and through its agents and employees, all of whom were acting within the course and scope of their employment or within their authority as agents, was negligent and careless in its care and treatment of Plaintiff Todd M. Johnson and said care and treatment was below the usual and customary care for physicians in the Denver area. Said negligence and carelessness included, but was not limited to, one or more of the following:

      a.    failing to perform an adequate work-up and consultation prior to performing the December 3, 2007 surgery;

7

b. failure to obtain an adequate "informed consent" from the Plaintiff prior to the surgery of December 3, 2007;

c. failure to perform the December 3, 2007 surgery in a proper method;

d. failing to timely and appropriately diagnose, treat, monitor, and manage Plaintiff Todd M. Johnson's condition subsequent to the December 3, 2007 surgery;

e. failure to take timely action, obtain proper consults and/or schedule surgery when signs and symptoms of a spinal cord leak occurred;

f. failing to properly adhere to applicable, established, medical standards;

g. failing to develop and/or follow applicable protocols and policies to avoid the negligent acts as occurred during Plaintiff's hospitalizations.

36. Said errors and omissions by Defendant in the care and treatment of Plaintiff Todd M. Johnson caused Plaintiff's damages as alleged elsewhere in this complaint to include: chronic pain, disability and permanent impairment as alleged elsewhere in this complaint.

37. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiffs have suffered the injuries, damages and losses as set forth above in this Complaint, in an amount to be proven at trial. Said injuries are continuing and are permanent in nature in the past, present and future.

**WHEREFORE,** Plaintiffs respectfully pray for judgment in their favor as follows:

a. for compensatory damages in an amount to be proven at trial;

b. for pre-judgment and post-judgment interest as provided by law;

c. for Plaintiffs' costs of suit herein; and

d. for such other and further relief as this Court deems just and proper.

Respectfully submitted and DATED this 9th day of November, 2011.

LAMPERT & WALSH, LLC

By:  /s/ Brian J. Lampert
_____
Brian J. Lampert, Esq. #9437
Sean B. Walsh, Esq. #35141
Lampert & Walsh, LLC
3650 S. Yosemite St., Ste 404
Denver, Colorado 80237
(720) 489-5848
(720) 489-0540 (fax)
sean.walsh@lampertwalsh.com (e-mail)

Plaintiffs' Address:

Todd Johnson
10651 W. 41st Ave, Apt 4
Wheat Ridge, CO 80033